UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


SAMUEL WILLIAMS,

                    Petitioner,

v.                                        Case No. 3:08-cv-857-J-34TEM


SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____

**ORDER**

**I. Status**

    Petitioner Samuel Williams, who is proceeding <u>in forma
pauperis</u>, initiated this action by filing a <u>pro se</u> Petition for
Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254
on September 2, 2008, pursuant to the mailbox rule.  Petitioner
challenges a 2005 state court (Duval County, Florida) judgment of
conviction for possession of a firearm by a convicted felon,
asserting that he was denied a fair trial when the prosecutor made
improper comments during closing arguments (ground one); his right
to trial by jury was violated when the sentencing court, rather
than the jury, made the findings that authorized the imposition of
a sentence greater than the statutory maximum (ground two); and his
appellate counsel was ineffective because she failed to raise, on

direct appeal, the trial court's abuse of discretion in denying the defense's motion for a continuance of the trial (ground seven). Additionally, Petitioner claims that his counsel was ineffective because she failed to: object to the prosecutor's improper comments (ground three); request a jury instruction on the permissive lesser offense of attempted possession of a firearm by a convicted felon (ground four); elicit testimony from Petitioner regarding his purpose for clutching the bags when the police approached the car (ground five); and request a jury instruction that provided that the jury was to consider evidence of past crimes only with regard to Petitioner's credibility (ground six).

Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition for Habeas Corpus (Response) (Doc. #11) with exhibits (Resp. Ex.). On September 23, 2008, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #6), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on June 18, 2009. See Petitioner's Reply to Respondents' Response to Petition for Habeas Corpus (Reply) (Doc. #19); see also Response to Court's Order (Doc. #21), filed April 27, 2011. This case is ripe for review.

## II. Procedural History

On February 5, 2004, Petitioner was charged with possession of a firearm by a convicted felon (count one); possession of less than twenty grams of cannabis (count two); and possession of controlled substance paraphernalia (count three). Resp. Ex. A at 8-9. After jury selection, Petitioner proceeded to a jury trial on count one. Resp. Ex. B, Transcript of the Jury Trial Proceedings (Tr.). At the conclusion of the trial, a jury found Petitioner guilty, as charged in the Information, of possession of a firearm by a convicted felon. Resp. Ex. A at 63, Verdict; Tr. at 190. On April 21, 2005, the trial court sentenced Petitioner to a term of twenty years of incarceration. Resp. Ex. A at 89-94; Sentencing Tr. at 140.

On appeal, Petitioner, through counsel, filed an Initial Brief, raising the following claims: (1) Petitioner was denied a fair trial when the prosecutor made improper and prejudicial remarks during closing arguments, and (2) Petitioner's constitutional rights were violated when the sentencing court, rather than the jury, made the findings that authorized the imposition of a sentence greater than the statutory maximum for the offense of possession of a firearm by a convicted felon. Resp. Ex. D. The State filed an Answer Brief. Resp. Ex. E. On February 22, 2006, the appellate court affirmed Petitioner's conviction and sentence per curiam without issuing a written opinion. Williams v.

State, 924 So.2d 819 (Fla. 1st DCA 2006); Resp. Ex. F.  The mandate issued on March 10, 2006.  Resp. Ex. G.  Petitioner did not seek review in the United States Supreme Court.

Petitioner filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) on September 7, 2006, pursuant to the mailbox rule, asserting that his counsel was ineffective because she failed to (1) object to the prosecutor's improper comments during closing arguments; (2) question Petitioner regarding the manner in which he clutched the bags containing the firearm; (3) request a jury instruction on the lesser offense of attempted possession of a firearm by a convicted felon; and (4) request a jury instruction that provided that the jury was to consider evidence of past crimes only with regard to Petitioner's credibility.  Resp. Ex. I at 1-22. The State responded, id. at 26-107, and Petitioner replied, id. at 108-09.  The circuit court denied the Rule 3.850 motion on June 6, 2007.  Id. at 110-15.

Petitioner appealed and filed a pro se brief.  Resp. Ex. J. The State filed a Notice that it would not file an Answer Brief. Resp. Ex. K.  On February 20, 2008, the appellate court affirmed the denial per curiam.  Williams v. State, 977 So.2d 585 (Fla. 1st DCA 2008); Resp. Ex. L.  The court denied Petitioner's motion for rehearing.  Resp. Exs. M; N.  The mandate issued on April 14, 2008. Resp. Ex. O.

4

On March 10, 2008, Petitioner filed a <u>pro</u> <u>se</u> petition for writ of habeas corpus, asserting that counsel failed to raise the following issues on direct appeal: (1) the trial court denied Petitioner's motion for continuance, (2) the trial court abused its discretion when it did not allow Petitioner to present his theory of the defense. Resp. Ex. P. On May 1, 2008, the court denied the petition on the merits. <u>Williams v. State</u>, 983 So.2d 42 (Fla. 1st DCA 2008); Resp. Ex. Q.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. <u>See</u> 28 U.S.C. § 2244(d); Response at 2 n.3.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>.

5

<u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2003).

> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> > A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context.  An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed <u>de novo</u>, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

> Jennings v. McDonough, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted).  In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable."  Williams, 529
> U.S. at 409, 120 S.Ct. at 1521.  Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[1]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert.

denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling.  Harrington v. Richter, 131 S.Ct. 770,

785 (2011) (holding that section 2254(d) does not require a state

court to give reasons before its decision can be deemed to have

been adjudicated on the merits); Wright v. Sec'y for the Dep't of

Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.

906 (2003).  Thus, to the extent that Petitioner's claims were

---

[1] This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." Bui v.
Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI.  Exhaustion/Procedural Default

There are prerequisites to a federal habeas review:

> Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction.  See 28 U.S.C. § 2254(b), (c).  To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (emphasis omitted).  Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

Maples v. Allen, 586 F.3d 879, 886 (11th Cir. 2009) (per curiam), petition granted in part, 131 S.Ct. 1718 (U.S. Mar. 21, 2011) (No. 09A974, 10-63).

Procedural defaults may be excused under certain circumstances:  "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted).  In order for Petitioner to establish cause,

8

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." McCoy v. Newsome, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting Carrier, 477
> U.S. at 488, 106 S.Ct. 2639).   Under the
> prejudice prong, [a petitioner] must show that
> "the   errors   at   trial   actually   and
> substantially  disadvantaged  his  defense  so
> that he was denied fundamental fairness."  Id.
> at 1261 (quoting Carrier, 477 U.S. at 494, 106
> S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999), cert. denied,

528 U.S. 934 (1999).

In the absence of a showing of cause and prejudice, a

petitioner may receive consideration on the merits of a

procedurally defaulted claim if he can establish that a fundamental

miscarriage of justice, the continued incarceration of one who is

actually innocent, otherwise would result.   The Eleventh Circuit

has explained:

> [I]f a petitioner cannot show cause and
> prejudice, there remains yet another avenue
> for him to receive consideration on the merits
> of his procedurally defaulted claim.  "[I]n an
> extraordinary  case,  where  a  constitutional
> violation  has  probably  resulted  in  the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default."  Carrier, 477 U.S. at
> 496, 106 S.Ct. at 2649.[2]  "This exception is
> exceedingly  narrow  in  scope,"  however,  and
> requires proof of actual innocence, not just
> legal innocence.  Johnson v. Alabama, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

---

[2] Murray v. Carrier, 477 U.S. 478 (1986).

9

Id.  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense."  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)), cert. denied, 535 U.S. 926 (2002).  Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial."  Calderson v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).  With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected.  Schlup, 513 U.S. at 324.

## VII. Ineffective Assistance of Trial and Appellate Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The

10

> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." Id., at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome."[3] Id., at 694, 104 S.Ct.
> 2052. It is not enough "to show that the
> errors had some conceivable effect on the
> outcome of the proceeding." Id., at 693, 104
> S.Ct. 2052. Counsel's errors must be "so
> serious as to deprive the defendant of a fair
> trial, a trial whose result is reliable."
> Id., at 687, 104 S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88. Since both prongs of the two-part

Strickland test must be satisfied to show a Sixth Amendment

violation, "a court need not address the performance prong if the

petitioner cannot meet the prejudice prong, and vice-versa." Ward,

592 F.3d at 1163 (citation omitted). "Surmounting Strickland's

high bar is never an easy task." Harrington, 131 S.Ct. at 788

(quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

Claims of ineffective assistance of appellate counsel are

governed by the same standards applied to trial counsel under

---

[3] "[W]hen a defendant raises the unusual claim that trial
counsel, while efficacious in raising an issue, nonetheless failed
to preserve it for appeal, the appropriate prejudice inquiry asks
whether there is a reasonable likelihood of a more favorable
outcome on appeal had the claim been preserved." Davis v. Sec'y
for the Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per
curiam) (citation omitted).

_Strickland_.  In order to establish prejudice, the court must review the merits of the omitted claim.  _See_ _Philmore v. McNeil_, 575 F.3d 1251, 1264-65 (11th Cir. 2009) (citation omitted), _cert_. _denied_, 130 S.Ct. 1884 (2010).  Appellate counsel's performance is prejudicial if "the neglected claim would have a reasonable probability of success on appeal."  _Id_. at 1265 (citation and quotations omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.  "The standards created by _Strickland_ and § 2254(d) are both 'highly deferential,' [_Strickland_], at 689, 104 S.Ct. 2052; _Lindh v. Murphy_, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, _Knowles_[4], 556 U.S., at ----, 129 S.Ct. at 1420."  _Harrington_, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the _Strickland_ standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold."  _Schriro_, _supra_, at 473, 127 S.Ct. 1933.  And, because the _Strickland_ standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. _See_ _Yarborough v. Alvarado_, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

---

[4] _Knowles v. Mirzayance_, 129 S.Ct. 1411 (2009).

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also
Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In
addition to the deference to counsel's performance mandated by
Strickland, the AEDPA adds another layer of deference--this one to
a state court's decision--when we are considering whether to grant
federal habeas relief from a state court's decision.").

### VIII. Findings of Fact and Conclusions of Law

#### A. Ground One

As ground one, Petitioner claims he was denied a fair trial
when the prosecutor made improper comments during closing argument.
He asserts that the prosecutor "gave his personal opinion as to
Petitioner's guilt" and "ridiculed and made improper arguments
attacking Petitioner, defense counsel and his defense."  Petition
at 4.  Respondents contend that the claim is procedurally barred
since it was raised in a procedurally incorrect manner in state
court.  Response at 3 (citing Tr. at 162-73); Resp. Exs. E at 5-6;
D at 9, Initial Brief (conceding defense counsel failed to object
to the State's closing argument).  While Petitioner agrees that the
claim has not been exhausted and therefore is procedurally barred,
see Reply at 2, he intends to proceed with this claim.  Response
(Doc. #21).  However, Petitioner has not shown either cause
excusing the default or actual prejudice resulting from the bar.
Moreover, he has failed to identify any fact warranting the
application of the fundamental miscarriage of justice exception.

Even assuming the claim is not procedurally barred, the State, in its appellate brief, addressed the claim on the merits. Resp. Ex. E at 6-13. Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[5] After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit. The remarks at issue are as follows:

> No matter how hard the defendant tries he is guilty. No matter how many different versions he tries to throw at you, he's guilty.
>
> . . . .
>
> Now he's claiming to you that he didn't have knowledge. Okay, I can't say I'm not a convicted felon. I can't say I didn't actually have the gun in my hand, what the heck am I going to do? Well I'll say, well, I had it

---

[5] See Wright, 278 F.3d at 1255.

14

but I didn't really know I had it. Well isn't that convenient? Isn't that convenient? You admit what you can't deny and you deny what you can't admit. And he sat there today and told you it's okay if I have movies, it's okay if I have cell phones but I can't have a gun. I can't admit that. So I'm going to deny it. That's what happened.

. . . .

But letting a guilty man go free, letting him off and finding him not guilty because you don't like the way the police submit property is not proper.

. . . .

Don't be confused by the tactics. Miss Aguilar told you a minute ago that whether all these DVDs were in the same bag or not, if you're confused about that then you have reasonable doubt. Well that's not true.

. . . .

You will not hear that being confused is a defense. You will not hear that being confused about which bag is a defense. You won't hear that there's an exception for that. What you will hear is that the defendant is a convicted felon, what you will hear or what you can know from that common sense tells you he does not follow the law. Don't let him avoid the law this time by getting confused with all the different versions that he's throwing at you.

. . . .

I submit to you the reason why he changed his story at the scene is because he's had a little time to let this sink in and he realized how ridiculous it is, how ridiculous is it that I'm going to deny the fact I knew about this gun but yet everything else in my hand I'm going to admit. That's not going to work. So that's why a few minutes later he denies that.

15

> . . . .
>
> Don't be fooled by all these ridiculous stories from an obviously guilty man.
>
> . . . .
>
> The absolute only way that you can find this defendant not guilty is to believe that a man who has every reason to lie, who's on trial, who is a six time convicted felon has convinced you by saying I didn't know what was in my hand. And that is contrary to all of the evidence and to your common sense. You admit what you can't deny and you deny what you can't admit. And that's what he's trying to do in this case.
>
> There is not a reasonable doubt in this case that defendant is in fact a convicted felon.  And that he in fact possessed a firearm which was loaded and ready to fire.

Tr. at 162, 165-66, 167, 168, 170, 172-73.

Such comments were not improper.  Attorneys are permitted wide latitude in their closing arguments, and the record reflects that the trial judge instructed the jury that the attorneys were not witnesses in the case, and therefore their statements and arguments were not evidence.  Tr. at 31, 156; see Hammond v. Hall, 586 F.3d 1289, 1334 (11th Cir. 2009), cert. denied, 131 S.Ct. 917 (2011); Brown v. Jones, 255 F.3d 1273, 1280 (11th Cir. 2001) (citations omitted) (stating that "jurors are presumed to follow the court's instructions."), cert. denied, 534 U.S. 1085 (2002).  After thoroughly reviewing the record, viewing the remarks in the context of the trial as a whole, and assessing their "probable impact" on

the jury,[6] this Court is convinced that the above-cited comments did not result in a due process violation.[7]

## B. Ground Two

As ground two, Petitioner asserts that his right to trial by jury was violated when the sentencing court, rather than the jury, made the findings that authorized the imposition of a sentence greater than the statutory maximum.  Respondents contend that this claim "presents no basis for habeas relief[,]" see Response at 10, and Petitioner agrees, see Reply at 2.  Nevertheless, Petitioner intends to proceed with the claim.  Response (Doc. #21).

Before the trial, Williams filed a Motion to Declare Section 775.084, Florida Statutes (2004), Unconstitutional and to Preclude Defendant's Classification as a Habitual Felony Offender.  Resp. Ex. A at 35-37.  In a written order, the court denied the motion on April 21, 2005.  Id. at 78-83; Sentencing Tr. at 113.  Williams was convicted for possession of a firearm by a convicted felon, a second degree felony, punishable by a statutory maximum sentence of

---

[6] United States v. Hill, No. 07-14602, 2011 WL 2314155, at *29 (11th Cir. June 14, 2011) (quoting United States v. Hernandez, 145 F.3d 1433, 1438 (11th Cir. 1998)).

[7] The reversal of a conviction is warranted only when improper comments by a prosecutor have "'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.' Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974))." Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001).

fifteen years.  Resp. Ex. A at 89.  Based on the sentencing judge's finding as to prior felony convictions, Williams was designated a habitual felony offender.  Id. at 93; Sentencing Tr. at 108-10; 140.  While the maximum term of imprisonment was thirty under the habitual felony offender statute, see Fla. Stat. § 775.084(4)(a)2 (2004); Resp. Ex. A at 10, the State recommended a sentence of twenty-five years.  Sentencing Tr. at 134.  Although the defense requested that the court not sentence Petitioner beyond ten years, see id. at 136, the court sentenced him to twenty years of imprisonment.  Resp. Ex. A at 92; Sentencing Tr. at 140.

On direct appeal, Petitioner asserted that, although the statutory maximum for his crime was fifteen years, the court sentenced him to twenty years based upon the court's finding that he qualified as a habitual felony offender under Florida Statutes section 775.084.  Resp. Ex. D at 14-16.  He cited Apprendi v. New Jersey, 530 U.S. 466 (2000), and Almendarez-Torres v. United States, 523 U.S. 224 (1998), in support of his argument.  The State, in its appellate brief, addressed the claim on the merits. Resp. Ex. E at 14-17.  Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits.  If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[8]

---

[8] See Wright, 278 F.3d at 1255.

After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit.  In <u>Apprendi</u>, the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  <u>See also</u> <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) (an extension of the Court's ruling in <u>Apprendi</u>); <u>Shepard v. United States</u>, 544 U.S. 13 (2005) (limiting the types of evidence a district court can consider to determine whether a prior conviction qualifies under the Armed Career Criminal Act). Petitioner's claim, however, is without merit as there is a recidivist exception.  <u>Almendarez-Torres</u>, 523 U.S. 224.   T h e Supreme Court of the United States has not overruled <u>Almendarez-Torres</u>, and its holding remains binding precedent in this Circuit. <u>See</u> <u>United States v. O'Brien</u>, 130 S.Ct. 2169, 2174, 2180 (2010) (holding the machine gun provision is an element of the offense, not a sentencing factor, but recognizing the <u>Almendarez-Torres</u>

exception).   In addressing a Sixth Amendment claim that a prior conviction could not be relied upon because it was not found by a jury beyond a reasonable doubt, the Eleventh Circuit stated:

> Both Supreme Court and this circuit's precedent foreclose [Petitioner]'s arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).  We have applied Almendarez-Torres in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing.  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in Almendarez v. Torres.  Id.  Although various justices of the Supreme Court have questioned the soundness of Almendarez-Torres in subsequent decisions, until it is expressly overruled, we are bound to follow it.  See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

United States v. McCain, 358 Fed.Appx. 51, 52 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter).

Recently, the Eleventh Circuit reiterated its position, rejecting a Sixth Amendment claim and stating:

> this   argument   is   foreclosed   by Almendarez-Torres v. United States, 523 U.S.

224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We repeatedly have explained that, even after Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g., United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006); United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

[The Petitioner] argues that Almendarez-Torres permits a sentencing court to find only the mere fact of a conviction and that Apprendi, Booker, and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), bar judge-made findings about the factual nature of the prior convictions. This Court has already rejected this argument. See Greer, 440 F.3d at 1275 (explaining that Apprendi, Booker and Shepard do not "forbid a judge from determining the factual nature of a prior conviction," but instead "restrict[ ] the sources or evidence that a judge (instead of a jury) can consider in making that finding" (quotation marks omitted)).

United States v. Michel, No. 10-15871, 2011 WL 2420049, at *1 (11th Cir. June 16, 2011) (per curiam) (not selected for publication in the Federal Reporter).

Just as the Eleventh Circuit has acknowledged that it is "bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision[,]" United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001), cert. denied, 533 U.S. 960 (2001), this Court is bound to follow Almendarez-Torres.

21

Therefore, as Petitioner acknowledges, he is not entitled to relief on this ground.

## C. Ground Three

As ground three, Petitioner claims his counsel was ineffective because she failed to object to the prosecutor's improper comments made during closing arguments, thus failing to preserve the issue for appeal.[9]   As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.   After identifying the two-prong Strickland ineffectiveness test as the controlling law, the court denied the motion with respect to this claim, stating in pertinent part:

> In ground one, the Defendant claims that counsel rendered ineffective assistance by failing to object to improper remarks made by the State during closing arguments. Specifically, the Defendant claims that the prosecutor expressed a personal opinion concerning the guilt of the Defendant, and told the jury the Defendant's character for truthfulness was questionable because of his six prior felony convictions. Initially, this Court notes that wide latitude is permitted in arguing to a jury. Breedlove v. State, 413 So.2d 1, 8 (Fla. 1982). Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments. Thomas v. State, 748 So.2d 970, 984 (Fla. 1984). The standard for review of prosecutorial misconduct is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb v. State, 376 So.2d 230, 232 (Fla. 1979); See Jones v. State, 612 So.2d 1370 (Fla. 1993); State v. Murray, 443 So.2d 955 (Fla. 1984). The comments by the

---

[9] The prosecutor's remarks are quoted in Section VIII. A, Ground One.

prosecutor, of which the Defendant complains, did not rise to the level of vitiating the entire trial. (Exhibit "C.") Moreover, the comments by the prosecutor did not "'inflame the minds and passions of the jurors so that their verdict reflect[ed] an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law.'" <u>Jones v. State</u>, 612 So.2d 1370, 1374 (Fla. 1993) <u>quoting</u> <u>Bertolotti v. State</u>, 476 So.2d 130 (Fla. 1985). Therefore, the Defendant has not established that counsel erred in failing to make a contemporaneous objection to the State's alleged improper comments during closing arguments. <u>Strickland</u>. Accordingly, ground one is denied.

Resp. Ex. I at 111-12. Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's

claim is, nevertheless, without merit.  Petitioner has failed to establish that counsel's performance was deficient for not objecting to the prosecutor's comments.  Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.  Accordingly, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.[10]

### D. Ground Four

As ground four, Petitioner claims his counsel was ineffective because she failed to request a jury instruction on the permissive lesser offense of attempted possession of a firearm by a convicted felon.  Petitioner raised this ground in his Rule 3.850 motion. Ultimately, the court denied the motion on the merits with respect to this claim, stating in pertinent part:

> In ground three, the Defendant claims that counsel rendered ineffective assistance by failing to request a permissive jury instruction on the lesser included offense of Attempted Possession of a Firearm by a Convicted Felon. This issue has been addressed by the First District Court of Appeal in the context of ineffective assistance of counsel claims. Specifically, the First District Court of Appeal certified the following question to the Florida Supreme Court as a question of great public importance:

---

[10] As previously stated, with respect to an ineffectiveness claim that trial counsel failed to preserve the issue for appeal, the appropriate prejudice inquiry is whether "there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." <u>Davis</u>, 341 F.3d at 1316.

> In conducting a prejudice analysis pursuant to a post conviction <u>Strickland v. Washington</u> ineffective assistance of counsel claim, may a court find 'a reasonable probability' that, had the jury been given the opportunity to return a verdict of guilty of only a lesser included offense, the jury would have done so, thus ignoring its own findings of fact and the trial court's instructions on the law?

<u>Sanders v. State</u>, 847 So.2d 504, 508 (Fla. 1st DCA 2003), <u>review granted</u>, 905 So.2d 892 (Fla. 2005).[11] In answering the question before it, the First District Court of Appeal held:

> But we have difficulty accepting the proposition that there is even a substantial *possibility* that a jury which has found every element of an offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instructions on the law and found a defendant guilty of any lesser included offenses. In fact, we confess some discomfort with the proposition that members of the judiciary should even engage in such speculation.

<u>Id</u>. 847 So. 2d at 507. Based on the holding in <u>Sanders</u>, this Court finds that the Defendant cannot establish prejudice to his case for counsel's alleged failure to request the lesser-included offense instruction. <u>Strickland</u>, 466 U.S. 668. Accordingly, ground three is denied.

Resp. Ex. I at 113 (footnote omitted).  The appellate court affirmed the trial court's denial per curiam.

---

[11] <u>See Sanders v. State</u>, 946 So.2d 953 (Fla. 2006) (approving the state appellate court's decision).

Assuming the appellate court affirmed the denial of Petitioner's post conviction motion as to this claim on the merits, there are qualifying state court decisions. Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications. Following an extensive review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this ineffectiveness claim.

Additionally, even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit. Petitioner has failed to establish that counsel's performance was deficient for failing to request a jury instruction on attempted possession, a permissive lesser offense, when there was no evidence of "attempted" possession of the firearm.[12]   Even assuming arguendo deficient

---

[12] The Florida standard jury instruction includes "attempt" as a permissive lesser offense (Category Two), but is followed by a parenthetical comment that attempt "may be applicable when concealed weapon is charged[.]"  Fla. Std. Jury Instr. (Crim.) 10.15, Schedule of Lesser Included Offenses; see Tr. at 152. Williams was not charged with possessing or carrying a concealed weapon. See Resp. Ex. A at 8, Information.

26

performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if the jury had been instructed on attempted possession. Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.[13]

### E. Ground Five

As ground five, Petitioner claims his counsel was ineffective because she failed to elicit testimony from Petitioner regarding his purpose for clutching the bags when the police approached the car. He asserts that his possession of drugs and drug paraphernalia would have explained his behavior at the time of the incident and that counsel's failure to question him about why he was clutching the bags invaded the jury's pardoning power. Petition at 6A. Respondents contend that this claim "cannot support habeas relief[,]" see Response at 16, and Petitioner agrees, see Reply at 9. Nevertheless, Petitioner intends to proceed with the claim. Response (Doc. #21).

As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. After identifying the Strickland

---

[13] Insofar as Petitioner asserts that his counsel failed to preserve the issue for appeal, the appropriate prejudice inquiry is whether "there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis, 341 F.3d at 1316.

ineffectiveness test, the court denied the motion with respect to this claim, stating in pertinent part:

> In ground two, the Defendant claims that counsel rendered ineffective assistance by failing to present exculpatory evidence in the form of the Defendant's possession of drugs and drug paraphernalia at the time of his arrest, along with the manner in which he clutched the bag containing the firearm. The Defendant states in his Memorandum that, "It can only be presumed that defense counsel made a strategic or tactical decision to not proceed in this manner." (Defendant's Memorandum at 6.) This Court notes that, "Tactical or strategic decisions of counsel do not justify postconviction relief on grounds of ineffective assistance of counsel." Gonzalez v. State, 579 So.2d 145, 146 (Fla. 3d DCA 1991)[.] Further, the Defendant avers that this evidence should have been introduced to show that he was clutching the bag which contained the firearm in a manner different than a State witness described. The Defendant testified at trial that he was clutching the bag that contained the firearm when the police approached the vehicle and began to question him. (Exhibit "D.") In the instant case, the fact that the Defendant was in possession of drugs and drug paraphernalia at the time of his arrest, as well as the manner in which he was clutching the bag, fails to negate any element of Possession of a Firearm by a Convicted Felon. Accordingly, the Defendant has not shown how the evidence is exculpatory, and the Defendant has failed to show prejudice. Strickland. Therefore, ground two is denied.

Resp. Ex. I at 112.  Upon Petitioner's appeal, the appellate court affirmed the denial of his Rule 3.850 motion per curiam.

Assuming the appellate court affirmed the denial of the post conviction motion as to this claim on the merits, there are

qualifying state court decisions.  Accordingly, this claim will be addressed applying the deferential standard for federal court review of state court adjudications.  Upon review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim is without merit.  Petitioner has failed to establish that counsel's failure to elicit testimony from him with respect to the manner and purpose of his clutching the bags due to the possession of drugs and drug paraphernalia was deficient performance.  See Tr. at 28-29.  Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.[14]  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged she should have provided.

---

[14] Upon Petitioner's outbursts after the reading of the verdict, see Tr. at 191, the trial judge stated that the jury did not deserve that kind of treatment from him, especially when the evidence against him was "so overwhelming that no jury would ever have found [him] not guilty."  Id. at 196.

Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## F. Ground Six

As ground six, Petitioner claims his counsel was ineffective because she failed to request a limiting jury instruction[15] that provided that the jury was to consider evidence of past crimes only with regard to Petitioner's credibility, not as substantive evidence of guilt.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  In denying the motion with respect to this claim, the court stated in pertinent part:

> In ground four, the Defendant asserts that counsel should have requested the jury be instructed that it could not consider his prior convictions as substantive evidence of guilt.  The Defendant claims that this failure along with the State's closing argument, "led the jury to the inference that since he has been convicted of past crimes he must be guilty of the instant offense and that he is lying."  (Defendant's Motion at 9.)  As discussed <u>supra</u>, the State's closing [argument] was not improper.  Further, the Defendant offers no factual basis for his claim that the jury inferred guilt from the mere mention of his prior convictions.  Conclusory allegations which lack sufficient factual allegations to warrant review may be summarily denied.  <u>Ragsdale v. State</u>, 720 So.2d 203 (Fla. 1998).  Accordingly, ground four is denied.

---

[15] <u>See</u> Fla. Stat. § 90.107.

30

Resp. Ex. I at 113-14.  On appeal, the court affirmed the denial of this claim in the post conviction motion per curiam.

Thus, to the extent that the appellate court affirmed the denial of Petitioner's post conviction motion as to this claim on the merits, there are qualifying state court decisions.  Therefore, the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications.  After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law.  Nor were those adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

Nevertheless, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit.  Even assuming arguendo deficient performance by defense counsel for her failure to request a limiting jury instruction, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had requested and the judge had given such an instruction.  The trial

31

judge properly instructed the jury regarding the elements of the crime; proof of a prior felony conviction is a substantive element of the crime of possession of a firearm by a convicted felon.  <u>See</u> Tr. at 177.  Moreover, the trial judge instructed the jurors that, in weighing the evidence and determining the reliability of the witnesses, including the Defendant, they should consider, among other factors, whether it was proved that the witness had been "convicted of a crime[.]"  <u>Id</u>. at 180-81, 182; Resp. Ex. A at 47. Additionally, the judge instructed the jury that the verdict should be based on the evidence and testimony, not on the lawyers' arguments. Tr. at 31, 156, 183, 184.  Accordingly, Petitioner's ineffectiveness claim is without merit since he has not shown resulting prejudice.

## G. Ground Seven

As ground seven, Petitioner claims that his appellate counsel was ineffective because she failed to raise, on direct appeal, the trial court's abuse of discretion in denying the defense's motion for a continuance of the trial.  Petitioner raised this claim in his state petition for writ of habeas corpus, <u>see</u> Resp. Ex. P at 2-5, which the court denied "on the merits."  Resp. Ex. Q.  Thus, as there is a qualifying state court decision,[16] the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications.  After a thorough review

---

[16] <u>See</u> <u>Wright</u>, 278 F.3d at 1255.

32

of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.    Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit.    Before the trial, the defense sought to exclude a late-disclosed police report.    Tr. at 8.    The court concluded that, while there was a discovery violation by the State, it was not willful and would not substantially affect how the defense would prepare for trial.    Id. at 16-17.    Thus, the court permitted the defense to re-depose the two officers based on the report at issue and continued the trial only for as long as necessary to depose the officers that same day; he denied the motion for continuance with respect to rescheduling the trial to another day.    Id. at 17-18. In balancing the interests of the defense and the State, the trial judge acted reasonably in continuing the trial just long enough for the defense to re-depose the officers.

Petitioner has failed to establish that appellate counsel's failure to raise the trial court error claim was deficient performance.    Even assuming arguendo deficient performance by

appellate counsel, Petitioner has not shown that a reasonable probability exists that the trial court error claim would have been meritorious on appeal, if counsel had raised it. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## IX. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). The remainder of Petitioner's claims are either procedurally barred or without merit. Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## X. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of July, 2011.

**MARCIA MORALES HOWARD**
United States District Judge

sc 7/11
c:
Samuel Williams
Ass't Attorney General (McCoy)

36